UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JERAMEY A. HAWKINS**                                                                     **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 4:25-CV-58-JHM**

**JASON WOOSLEY** *et al.*                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the superseding amended complaint (DN 5) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action without prejudice and with leave to file a second amended complaint.

**I.**

Plaintiff Jeramey A. Hawkins is incarcerated as a pretrial detainee at Grayson County Detention Center (GCDC). He sues GCDC and the following GCDC officials – Jailer Jason Woosley, Medical Director Gary Skaggs, Captain Bobby Odom, and Captain Adam Hutch. Plaintiff sues the individual Defendants in their official capacities only.

In the superseding amended complaint, Plaintiff alleges that prior to his incarceration at GCDC in September 2024, he was in the process of getting a shoulder replacement. Plaintiff alleges that upon his arrival at GCDC, he informed medical personnel at GCDC "of my medical needs as well as a signed a release of information so that they could obtain most recent MRI and Doctors notes." Plaintiff continues:

> I have set here at GCDC in tremendous amounts of pain while the torn tendons in my shoulder retracted more and more due my being denied medical attention. I continued to file request asking for medical attention. I seen the provider multiple times and was told that he would check into my injury and see what he could do and nothing ever happened. Due to pain in my shoulder I was given multiple pain medications that only upset my stomach and kept me from having an appetite. I

> quit taking medications for pain cause they was making me sick. . . . Gary Skaggs is over medical and he has denied me further treatment . . . Now the torn tendons in my shoulder are retracted and I have a lot of pain and nerve damage.
>
> I have also had to sleep in the floor due to mass and overburdened crowding and other hazardous conditions.

(DN 5).

Plaintiff asserts that these allegations show that Defendants have violated multiple constitutional rights as well his rights under the Americans with Disabilities Act and Title VII of the Civil Rights Act.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A.  § 1983/Constitutional Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As stated above, Plaintiff sues GCDC and four GCDC officials in their official capacities. As a jail, GCDC is not an entity subject to suit under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Grayson County is the proper

3

Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Similarly, "[o]fficial capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Woosley, Skaggs, Odom, and Hutch are actually against their employer, which is also Grayson County.

Neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations do not show that he suffered any constitutional injury due to a policy or custom of Grayson County. Instead, Plaintiff alleges circumstances that affected him only. Thus, the Court will dismiss Plaintiff's constitutional claims for failure to state a claim upon which relief may be granted.

### B.  Americans with Disabilities Act (ADA)

Although Plaintiff does not specify what type of ADA claim he wishes to pursue, the Court presumes that he is attempting to set forth a claim under Title II of the ADA. Title II of the ADA generally makes it unlawful for public entities to discriminate against individuals with disabilities in the provision of public services. *See* 42 U.S.C. §§ 12131-12134. More specifically, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities

of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Sixth Circuit has explained the standard for claims under Title II of the ADA as follows:

> "[T]he phrase 'services, programs, or activities' encompasses virtually everything a public entity does." *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008). "We analyze claims of intentional discrimination brought pursuant to the ADA . . . under the familiar burden-shifting analysis established by [*McDonnell Douglas [Corp. v. Green*, 411 U.S. 792 (1973)]." *Turner v. City of Englewood*, 195 F. App'x 346, 353 (6th Cir. 2006). "Under *McDonnell Douglas*, [a] [p]laintiff must first establish a prima facie case of discrimination." *Id*.
>
> To establish a prima facie case of intentional discrimination under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified; and (3) he was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability. *Tucker*, 539 F.3d at 532 . . . .

*Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015).

Here, Plaintiff's ADA claim fails because even if the Court assumes that the first two prongs of the *Tucker* test are satisfied, Plaintiff does not allege that he was excluded from participation in prisoner programs due to his disability. *See Rittner v. Williams*, No. 19-3402, 2020 U.S. App. LEXIS 3523, at *5-6 (6th Cir. Feb. 5, 2020) (affirming dismissal of ADA claim because the plaintiff did not allege that the lack of a second hearing aid prevented him from participating in any prison programs*); see also Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[I]ncarceration, which requires the provision of a place to sleep, is not a 'program' or 'activity.' Sleeping in one's cell is not a 'program' or 'activity.'"); *Gittens v. Scholtz*, No. 18-2519 (RBK)(KMW), 2019 U.S. Dist. LEXIS 125447, at *14 (D.N.J. July 23, 2019) (citing *Bryant* and holding that forcing a prisoner with limited functioning of his shoulders and knees and chronic pain to sleep on a mattress on the floor did not violate the ADA because "sleeping in a cell is not a service, program, or activity under the ADA.")

Thus, the Court will dismiss Plaintiff's ADA claim for failure to state a claim upon which relief may be granted.

### C. Title VII

The Court finally turns to Plaintiff's assertion that Defendants violated his rights under Title VII of the Civil Rights Act of 1964. Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Thus, Title VII is wholly inapplicable to Plaintiff's allegations, as nothing in the complaint suggests that any of the Defendants committed an adverse employment action against him. *See, e.g.*, *Weston v. Louisville Metro Gov't*, 3:23-CV-00147-JHM, 2023 U.S. Dist. LEXIS 90740, at *11 (W.D. Ky. May 23, 2023) (collecting cases). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### D. Second Amended Complaint

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave to Plaintiff to file a second amended complaint to sue Defendant Gary Skaggs, the only Defendant whom Plaintiff makes specific allegations against, in his individual capacity. <u>If Plaintiff files a second amended complaint in which he sues Defendant Skaggs in his individual capacity, the Court will allow a Fourteenth Amendment claim to proceed against him for deliberate indifference to Plaintiff's serious medical need.</u>[1]

---

[1] A convicted inmate is protected from cruel and unusual punishment by the Eighth Amendment, which includes a right to be free from deliberate indifference to an inmate's serious medical needs. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). The Eighth Amendment does not apply here, however, because Plaintiff is not a convicted inmate. The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Therefore, when a pretrial detainee, like Plaintiff, asserts a claim of denial of medical treatment, the claim is analyzed under the Fourteenth Amendment. *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)).

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to file a second amended complaint.

**IT IS ORDERED** that the second amended complaint must be filed no later than **October 25, 2025**.

The **Clerk of Court is DIRECTED** to send Plaintiff a copy of p. 2 of the superseding amended complaint (DN 5) with this case number and the words "Second Amended Complaint" written on the copy for Plaintiff's use should he decide to file a second amended complaint in which he sues **Defendant Skaggs** in his **individual capacity**.

Date:  September 26, 2025

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.011